UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHAY SMART,<br><br>           Plaintiff,<br><br>     v.<br><br>US LBM, LLC, et al.,<br><br>           Defendants. | Case No.  24-cv-04416-KAW<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 68 |

On July 22, 2024, Plaintiff Shay Smart filed the instant case against Defendants US LBM, LLC and Pilot IT, LLC. (Dkt. No. 1.) The case subsequently settled at mediation. (Dkt. No. 62.) Thereafter, Plaintiff terminated his attorney, Melody Rissell Leonard of Rissell Law, APC ("Rissell Law"). (*See* Dkt. Nos. 63, 64.) Rissell Law now has a lien on the settlement proceeds. (*See* 12/16/25 Leonard Decl., Exh. A, Dkt. No. 75-1.)

Pending before the Court is Plaintiff's motion to enforce the settlement agreement and compel the securing of the disputed funds at issue. (Pl.'s Mot. to Enforce, Dkt. No. 68.) Having considered the parties' filings, the relevant legal authorities, and the arguments made at the January 15, 2026 hearing, the Court DENIES Plaintiff's motion.

## I.    BACKGROUND

On June 17, 2025, the parties attended mediation, at which the case settled in principle. (*See* Dkt. Nos. 61 at 5; 62.) Per the September 18, 2025 case management conference statement, the parties stated that they were finalizing the long-form settlement agreement. (Dkt. No. 61 at 5.)

On October 10, 2025, Plaintiff filed a letter stating that he had terminated Attorney Leonard, and that he would be proceeding as a pro se litigant. (Dkt. No. 63.) On October 13, 2025, Attorney Leonard moved to withdraw Rissell Law as counsel. (Dkt. No. 64.) Attorney

Leonard also notified all parties that Rissell Law had a valid lien on any recovery in the case. (10/13/25 Leonard Decl. ¶ 6, Dkt. No. 64-1.)  On October 17, 2025, Plaintiff was substituted in place of Rissell Law.  (Dkt. No. 65 at 1.)

Plaintiff and Defendants proceeded to work on finalizing the long-form settlement agreement but came to an impasse regarding the distribution of funds given Rissell Law's lien and the pending mandatory fee arbitration between Plaintiff and Attorney Leonard.  (*See* Smart Decl., Exh. A, Dkt. No. 68.)  Specifically, Defendants proposed that the disputed funds be held by Rissell Law, and that Attorney Leonard distribute the disputed funds once the mandatory fee arbitration was resolved.  (Smart Decl., Exh. A at 4.)  Defendants also requested that Attorney Leonard sign the settlement agreement so that she would be contractually bound to follow the arrangement.  (Smart Decl., Exh. A at 4.)  Plaintiff declined and instead sought to require that Defendants' counsel hold the disputed funds, which Defendants' counsel refused to do.  (Smart Decl., Exh. A at 3.)  Defendants then proposed that with Attorney Leonard's approval, Defendants would pay the undisputed portion of the settlement to Plaintiff and hold the disputed portion until the fee dispute was resolved.  (Smart Decl., Exh. B at 1.)  Plaintiff again refused, stating that Attorney Leonard should have no approval role in the settlement.  (Smart Decl., Exh. B at 1.)

On December 2, 2025, Plaintiff filed the instant motion, seeking to enforce the settlement agreement and require that Defendants deposit the disputed funds into Defendants' counsel's IOLTA accounts or the Court Registry, to be distributed following resolution of the mandatory fee arbitration.  (Pl.'s Mot. to Enforce at 3.)  On December 16, 2025, Defendants and Rissell Law filed their oppositions.  (US LBM Opp'n, Dkt. No. 73; Pilot Opp'n, Dkt. No. 74; Rissell Law Opp'n, Dkt. No. 75.)  In Rissell Law's opposition, Rissell Law sought a court order requiring that the settlement funds be disbursed and placed into either the trust account of Rissell Law or Koss Firm APC, the firm representing Rissell Law in this matter.  (Rissell Law Opp'n at 3.)  On December 23, 2025, Plaintiff filed his reply, requesting that the Court order the immediate release of the undisputed funds to Plaintiff and that the disputed funds be deposited into the Court Registry.  (Pl.'s Reply at 4.)

United States District Court
Northern District of California

## II.    DISCUSSION

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *see also TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ("The district court had inherent power to enforce the agreement in settlement of litigation before it[.]").  A court, however, "many enforce only *complete* settlement agreements."  To determine whether the settlement agreement is complete, "the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretations of contracts generally." *Rosen v. Urb. Commons, LLC*, No. 8:20-cv-01973-JLS-DFM, 2023 U.S. Dist. LEXIS 83204, at *6 (C.D. Cal. May 10, 2023) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)).  Under California law, Plaintiffs must demonstrate a valid contract by showing: "(1) parties capable of contracting; (2) their mutual consent; (3) a lawful object; and (4) sufficient consideration." *Id.* at *7.

As the Court explained at the hearing, to the extent Plaintiff requests that the Court "enforce" the settlement, it appears that there is no mutual consent because the parties have not agreed to terms regarding the distribution of funds.  Rather, the dispute over the distribution of the settlement funds is preventing the settlement agreement from being finalized and signed.  Thus, Plaintiff ultimately appears to be requesting that the Court order certain terms to the settlement agreement as to the distribution of the settlement funds.

Plaintiff cites no authority that would permit the Court to order such terms, nor is the Court aware of any.  For example, Plaintiff asks that the Court require that the undisputed funds be distributed immediately. (Pl.'s Reply at 4.)  The California Supreme Court, however, has acknowledged that where there is an attorney lien, "the attorney can prevent the . . . settling party from remitting the recovery to the client until the dispute is resolved." *Fletcher v. Davis*, 33 Cal. 4th 61, 69 (2004).  Plaintiff cites no authority to the contrary.

At the hearing, the Court was encouraged to hear that the parties were open to distributing the nondisputed funds to Plaintiff and depositing the disputed funds to Rissell Law's client trust account until the fee dispute was resolved.  As the Court noted, funds held in a law firm's client trust account are subject to strict standards, including that "[a]n attorney is not permitted

unilaterally to determine the amount of his fee and withhold it from funds held in trust over his client's objection." *Jackson v. State Bar*, 25 Cal. 3d 398, 403-04 (1979) (finding that disbarment was warranted where the attorney allowed his trust account to fall below the amount due to his clients (thus constituting willful misappropriation), refused to account for the amounts due, and refused to respond to repeated demands by his clients for return of their money).

To summarize, the Court DENIES Plaintiff's motion to enforce the settlement agreement because there is no final settlement agreement signed by the parties to enforce. The Court, however, is optimistic that the parties will come to an agreement on their own.

### III.    CONCLUSION

For the reasons stated above, Plaintiff's motion to enforce the settlement agreement is DENIED. The parties shall file a joint status report by **February 17, 2026** regarding whether they have resolved their dispute, whether the Court can close the case, and whether they need another hearing or a referral to a magistrate judge or mediator for further settlement discussions.

IT IS SO ORDERED.

Dated: January 26, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4